### Commissioners of Highways of the Town of Saline, Appellees, v. John Klaus, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Madison county; the Hon. Louis Bernreuter, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 17, 1916. Rehearing denied May 25, 1916.

### Statement of the Case.

Proceedings by the Commissioners of Highways of the Town of Saline, plaintiffs, against John Klaus, defendant, to ascertain the amount of damages to which defendant was entitled, due to the vacation of a road. From a judgment in favor of plaintiffs for costs, defendant appeals.

A former appeal on the first trial was taken to the Appellate Court by defendant from a directed verdict and judgment against him for costs. The judgment

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

of the trial court was reversed and the cause remanded for a new trial.  See *Highway Com'rs Saline Tp. v. Klaus,* 186 Ill. App. 431.

Defendant owned in all about one hundred and twenty acres of land, the seventy acres which were crossed at the extreme northeast corner by the road, and about fifty acres in addition thereto, adjoining said lands on the west.  A public highway ran south from Saline through defendant's land so that all of the land of defendant joined this public highway and access thereto was obtainable therefrom.  Defendant contended, however, that he could not reach the east side of his said farm from the highway running south from Saline on account of a certain creek that ran in a northerly and southerly direction across his said land lying on the east side of said public highway.  Said creek he insisted could not be crossed with teams or loads, and at times could not be crossed by his stock, and that his only means of access to his said lands had been cut off when said road was vacated.  Defendant's land lying east of said public highway running south from Saline was considerably broken, and was largely covered with timber and was used by him as a pasture during all the time that he owned it, being some six or seven years, with the exception of the year 1914.  Defendant testified that in 1914 he cropped about twenty acres of the same but did not get any considerable income therefrom on account of the bugs destroying said crops.  The evidence was conflicting as to whether the creek could be crossed.

BURTON & BURTON, for appellant.

J. P. STREUBER and D. H. MUDGE, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

## Abstract of the Decision.

1.  JUDGMENT, § 517*—*when judgment on prior appeal not conclusive on question of damages for vacation of road.* The decision of the court on a prior appeal in proceedings by highway commissioners to determine the amount of damages due a property owner for the vacation of a road, in reversing a judgment for plaintiffs and remanding the case for new trial, is not conclusive on the right of defendant to damages where, on the former trial, no evidence was offered by plaintiffs to meet or contradict the evidence of defendant that his lands were damaged by reason of the vacation of such road, and it was stipulated by the parties on the former appeal that the evidence in the record tended to show that defendant's lands were damaged.

2.  ROADS AND BRIDGES, § 143*—*when evidence sufficient to sustain finding that property owner not damaged by vacation of road.* In proceedings by highway commissioners against a property owner to determine damages to his land as the result of the vacation of a road, where the evidence was conflicting, evidence *held* sufficient to sustain a finding that the land of defendant was not damaged as a result of the vacation of the road.

3.  APPEAL AND ERROR, § 1466*—*when admission of evidence as to establishment of new road after vacation of road in proceedings to determine damages harmless error.* In proceedings by town highway commissioners to determine the amount of damages to which a property owner was entitled, due to the vacation of a road crossing the northeastern part of his land, and in which it appeared that another road crossed defendant's land in a northerly and southerly direction, defendant contending that the vacation of the road deprived him of access to the portion of his farm east of the north and south highway, *held* that the admission in evidence of the record of the laying out of a road running north and south on the east side of his land, which was laid out subsequent to the vacation of the road in question, was not prejudicial error where all the witnesses for both parties testified relative to the damages to defendant's land by vacation of the road without any reference to the new road.

4.  APPEAL AND ERROR, § 1691*—*when error in admission of evidence waived.* Any error in the admission of evidence as to the laying out of a new road along defendant's land subsequent to the vacation of a road, in proceedings by highway commissioners to determine the damages to which a property owner is entitled owing to the vacation of the road, is waived where the defendant himself offers evidence tending to prove the damages to his land from the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

vacation of the road in question at the time the new road was opened up.

5. APPEAL AND ERROR, § 1691*—*when error in admission of evidence waived.* The defendant in proceedings by highway commissioners against a property owner to determine the damages to which the latter is entitled owing to the vacation of a road crossing his farm waives any error in the admission of evidence as to the laying out of a new road subsequent to the vacation of the road in question, where he tenders an instruction to the effect that the jury have the right to take into consideration the effect of the new road in mitigation of damages.

6. ROADS AND BRIDGES, § 143*—*when instruction that party to proceedings to vacate road not entitled to damages because party proper.* In proceedings by highway commissioners to determine the damages due to a property owner because of the vacation of a road, an instruction that defendant was not entitled to damages merely on account of the fact that he had been made a party to the proceedings to vacate the road, *held* proper.

7. ROADS AND BRIDGES, § 143*—*when party to proceedings to vacate road entitled to damages.* A party to proceedings to vacate a road is not entitled to damages simply because he is a party, and he is not entitled to damages unless the benefits are less than the damages.

8. ROADS AND BRIDGES, § 43*—*when damages follow as matter of course in proceedings to condemn lands for road purposes.* Damages follow as a matter of course in proceedings to condemn lands for road purposes where such lands are actually taken.

9. ROADS AND BRIDGES, § 143*—*when unnecessary to ascertain damages before vacating road.* It is unnecessary that damages to land as a result of the vacation of a road be first ascertained before the road is vacated.

10. ROADS AND BRIDGES, § 143*—*how damages for vacation of road ascertained.* Damages for the vacation of a road are damages that are to be ascertained as for lands not taken.

11. APPEAL AND ERROR, § 1637*—*when error in giving of instruction cured.* In proceedings by highway commissioners to determine damages due a property owner because of the vacation of a road, any error in giving an instruction for plaintiffs that damages on account of the location of a new road subsequent to the vacation of the road in question should not be considered is cured where defendant tenders an instruction directly calling the jury's attention to the road and informing them that they could take the matter of the new road into consideration in mitigation of damages.

12. ROADS AND BRIDGES, § 143*—*when instruction that burden of*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*proof on landowner to show damages in proceedings for vacation of road proper.* In proceedings to vacate a road and to determine damages to which a property owner was entitled, an instruction that the defendant must prove the damages to his land by the greater weight or preponderance of evidence, *held* proper.

13. ROADS AND BRIDGES, § 143*—*when burden of proof on defendant in proceedings to vacate road to show damages to land.* In proceedings by highway commissioners to vacate a road and to determine the compensation due a property owner, the burden of proof is on defendant to establish such damages.

14. APPEAL AND ERROR, § 1637*—*when giving of instruction on right to damages in proceedings to vacate road harmless error.* In proceedings to vacate a road and to determine compensation due a property owner, any error in giving an instruction that if the jury found from the evidence that the vacation of the road in question did not deprive defendant from ingress and egress to a portion of his farm by means of a public road or highway then he would be entitled to no damages was harmless, although it appeared that a new highway was located along such portion of defendant's land after the vacation of the road, where such instruction did not attempt to direct a verdict and the jury were fully instructed as to defendant's theory of the case.

15. APPEAL AND ERROR, § 1749*—*when judgment not reversed on appeal.* A judgment will not be reversed on appeal where the verdict does substantial justice and only minor errors intervene.